U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

OCT 09 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Lantz                                    Civil Action No. 6:14-2548

versus                              Judge Richard T. Haik, Sr.

Chevron Corporation              Magistrate Judge C. Michael Hill

**MEMORANDUM ORDER**

Before the Court is an unopposed Motion To Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6), filed by defendant, Chevron Corporation [Rec. Doc. 5]. Plaintiff, Craig Lantz, originally filed this action in the Fifteenth Judicial District Court, Parish of Vermilion, State of Louisiana against Chevron Corporation. *R. 1-2*. Chevron Corporation filed a Notice of Removal in this Court on August 21, 2014. *R. 1*.

In his verified Complaint, plaintiff alleges "while working at Chevron Pipeline, [he] developed a shoulder disability" which "rendered his use of his shoulder impaired and practically unusable through the negligence of Chevron." *R. 1-2, ¶ 4*. Plaintiff further alleges that he took "medical leave from Chevron with the promise that he would be placed back into a supervisor position where he would not have to do repeated lifting." *Id. at ¶ 5*. After his surgery and rehabilitation, plaintiff alleges he was not placed into the same type of position[1] upon his return even though Chevron has accommodated other employees in similar circumstances. *Id. at ¶¶ 8, 11*. Because of Chevron's failure to return him to a supervisory position, plaintiff alleges he was unable to continue to work for Chevron and has suffered loss of retirement benefits to which he is entitled.[2] *Id. at ¶¶ 12, 13, 14, 16*. Plaintiff prays

---

[1] Plaintiff alleges he held a Quality Assurance position before his surgery. *Id. at ¶ 7*.

[2] Plaintiff alleges he has eighteen years of employment with Chevron and was two years from being vested. *Id. at ¶ 12*.

for full retirement with benefits as well as reasonable damages for the loss of past and future income, medical expenses and pain and suffering.

Chevron moves to dismiss plaintiff's Complaint on the grounds that the Court lacks personal jurisdiction over Chevron. *R. 5.* As previously noted, plaintiff has failed to file any response or opposition to the motion.[3] A court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction comports with due process. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir.2006). Because the limits of Louisiana's long-arm statute are coextensive with the limits of constitutional due process, the two-part inquiry merges into one: whether this Court's exercise of jurisdiction over the defendant would offend due process. *See La. R.S. 13:3201(B); Luv N' Care v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir.2006).

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'" *Pervasive Software Inc. v. Lexware GMBH & Co. KG*, 688 F.2d 214, 220 (5th Cir.2012). A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999).

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir.2000).

---

[3] Pursuant to Local Rule L.R. 7.5W, plaintiff's deadline for filing any opposition to Chevron's motion was September 22, 2014. *LR. 7.5.*

Specific personal jurisdiction exists when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state and the controversy arises out of or is related to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 262, 472 (1985). General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall, et al.*, 466 U.S. 408, 415 (1984).

Chevron Corporation contends that based on the allegations in the Complaint, plaintiff cannot meet his burden of establishing that Chevron Corporation has minimum contacts with Louisiana sufficient for the exercise of personal jurisdiction. In support of its position, Chevron Corporation cites the affidavit of Frank Soler, Chevron Corporation's Senior Liaison, Subsidiary Governance in the Corporate Governance Department. *R. 5-1, Exh. A*. Soler's undisputed affidavit verifies that each of Chevron Corporation's subsidiaries, including Chevron Pipe Line Company—which the Complaint states is plaintiff's employer— is wholly independent of Chevron Corporation and has its own board of directors and officers as well as independent responsibilities for the management of the respective business, including control over the day to day operations and employees. *See Hargrave. v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir.1983).[4] The Court concludes there is no basis to exercise personal jurisdiction over Chevron Corporation under either a "specific" or "general" jurisdiction standard because Chevron Corporation has not availed itself of the

---

[4] In examining whether a parent company can be held amenable to personal jurisdiction because of its subsidiary's contacts with the forum state, courts look to the *Hargrave* factors: the amount of stock owned by the parent of the subsidiary, whether the two corporations have separate headquarters, whether they have common officers and directors, whether they observe corporate formalities, whether they maintain separate accounting systems, whether the parent exercises complete authority over the subsidiaries' general policy, and whether the subsidiary exercise complete authority over its daily operations

privilege of conducting business within the State of Louisiana. *See Burger King,* 471 U.S. at 464–476.

As plaintiff's Complaint must be dismissed for lack of personal jurisdiction under Rule12(b)(2) it is not necessary for the Court to consider Chevron Corporation's Rule 12(b)(6) motion to dismiss. Accordingly,

**IT IS ORDERED** that the Motion To Dismiss filed by defendant, Chevron Corporation [Rec. Doc. 5] is **GRANTED** and all of Plaintiff's claims against Defendant are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

Thus done and signed this 9th day of October, 2014 at Lafayette, Louisiana.

_____
RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE